IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

JOSEPH HOWELL,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Civil Action No. 3:23-cv-749-HEH
　　　　　　　　　　　　　　　　　　)
WARDEN LEU,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Respondent.　　　　　　　　　　)

## MEMORANDUM OPINION
### (Granting Motion for Summary Judgment)

Joseph Howell, a federal inmate proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1).[1] Howell contends that the Bureau of Prisons ("BOP") has failed to properly execute his federal sentence, by failing to award him credit against his federal sentence for time spent in jail "from 9-7-2018 to August 5, 2020." (*Id.* at 5.) Respondent has moved for summary judgment and asserts that Howell has received all the credit he is due. Howell has responded. (ECF Nos. 13, 16.) For the reasons set forth below, the Motion for Summary Judgment (ECF No. 10) will be GRANTED.

### I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions. The Court omits the secondary citations from the parties' quotations.

of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A mere "*scintilla* of evidence," however, will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting

2

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submitted: (1) the Declaration of Chad A. Hendrix, a Correctional Programs Specialist at Designation and Sentence Computation Center with the BOP, ("Hendrix Decl.," ECF No. 11-1, at 2–10), various records from Howell's state and federal criminal proceedings and the BOP, (ECF No. 11-1, at 11–81).[2] Howell did not submit any admissible evidence in response to the Motion for Summary Judgment. However, Howell did attach some material to his § 2241 Petition that the Court considers.

## II. Summary of Relevant Facts

Howell complains that the BOP failed to properly credit his federal sentence with time he spent in the custody of West Virginia state authorities between September 7, 2018 through August 5, 2020.

### A. Howell's Convictions on State Charges

Howell pled guilty to two felonies in the Randolph County West Virginia Circuit Court ("Circuit Court"). (ECF No. 11-1 at 37.) On March 20, 2017, in West Virginia Case No. 16-F-125, Delivery of a Controlled Substance, the Circuit Court sentenced Howell to "not less than one (1) nor more than five (5) years" of imprisonment. (*Id.* at 37–38.) The Circuit Court also sentenced Howell to one to five years of imprisonment for West Virginia Case No. 16-F-104. (*Id.* at 38.) The sentence in West Virginia Case No. 16-F-104 was to run consecutive to the sentence in West Virginia Case No. 16-F-

---

[2] The Court refers to the documents, other than the Hendrix Declaration, by their ECF numbers.

3

125. (*Id.*) The Circuit Court suspended the execution of West Virginia Case No. 16-F-104 "for five (5) years of supervised probation" upon release from serving West Virginia Case No. 16-F-125. (*Id.*) Sometime thereafter, Howell was released from imprisonment.

On September 7, 2018, Howell was arrested by state authorities in Randolph County, West Virginia, and charged with fleeing an officer with reckless indifference. (Hendrix Decl. ¶ 5.) Additionally, Howell was held on two West Virginia probation/parole violation charges, (West Virginia Case No. 16-F-104 and West Virginia Case No. 16-F-125).[3] (*Id.*)

On December 7, 2018, Howell was found guilty of violating the terms of parole from the prior sentence imposed for West Virginia Case No. 16-F-104. (Hendrix Decl. ¶ 6; ECF No. 11-1, at 18–19.) Howell was sentenced to serve 1 to 5 years of imprisonment. (ECF No. 11-1, at 18.) Howell's state West Virginia cases for fleeing and a separate probation violation for West Virginia Case No. 16-F-125 remained pending. (Hendrix Decl. ¶ 6.)

## B. Howell's Indictment on Federal Charges

On February 20, 2019, Howell was indicted in the United States District Court for the District of West Virginia ("West Virginia Federal Court") on federal drug and firearm charges ("the Federal Charges"). (ECF No. 11-1, at 21–23.)

---

[3] It is unclear from the record whether Howell was held on probation violation or parole violation charges. In the end, any confusion about the execution of Howell's West Virginia sentences does not impact the analysis of Howell's federal habeas claims.

4

### C. Service of the State Sentences

On April 7, 2019, Howell's state charge for fleeing was dismissed. (Hendrix Decl. ¶ 8.) Howell remained confined for the sentence imposed for his state parole violation in West Virginia Case No. 16-F-104. (*Id.*)

On September 12, 2019, Howell was paroled from his state parole violation sentence. (*Id.* ¶ 9.) Howell's probation/parole violation in West Virginia Case "16-F-104 remained pending, and thus he remained in the primary custody of the state authorities." (*Id.*) On this same date, he was transferred to the custody of the U.S. Marshals Service ("USMS") pursuant to a federal writ of habeas corpus ad prosequendum for his Federal Charges. (*Id.*) The West Virginia Federal Court entered an order of temporary detention for Howell on his Federal Charges. (ECF No. 11-1, at 24.) On September 17, 2019, the West Virginia Federal Court ordered that Howell be detained on his Federal Charges. (*Id.*)

On September 17, 2019, Howell was returned to state custody. (Hendrix Decl. ¶ 10.) On October 15, 2019, Howell was returned to the temporary custody of the USMS for his Federal Charges. (*Id.*)

On February 3, 2020, Howell's probation was revoked in West Virginia Case No. 16-F-104 and a sentence of 1 to 5 years of imprisonment was imposed, with 120 days of credit for time served. (Hendrix Decl. ¶ 11; ECF No. 11-1, at 38.) The 120 days of prior custody credit represented the period of Howell's detention between October 6, 2019

5

through February 2, 2020, the day before Howell's probation was revoked in West Virginia Case No. 16-F-104. (Hendrix Decl. ¶ 11; ECF No. 11-1, at 38.)[4]

On February 11, 2020, Howell again was transferred to temporary custody of the USMS on a writ. (Hendrix Decl. ¶ 12.)

### D. Sentencing on the Federal Charges

On August 5, 2020, Howell was sentenced to 120 months of imprisonment on the Federal Charges. (*Id.*) The West Virginia Federal Court ordered that this sentence should "run concurrently to any previous state or federal sentence" and that Howell "be given credit for time served since February 3, 2020, plus 120 days that he was credited for time served." (ECF No. 11-1, at 42.) That same day Howell was returned to primary state custody to continue service of his sentence in West Virginia Case No. 16-F-104, where his probation had been revoked. (Hendrix Decl. ¶ 13.)

On January 4, 2021, an Amended Judgment was issued on the Federal Charges. (*Id.* ¶ 14.) The Amended Judgment made no changes regarding Howell's term of imprisonment. (*Id.*) However, the Court did change the recommendation regarding time served. (*Id.*) The Amended Judgment recommended "[t]hat the defendant be given credit for time served since September 7, 2018." (ECF No. 11-1, at 50.)

---

[4] Respondent provided a helpful chart illustrating the execution of Howell's federal and state sentence. (ECF No. 11-1, at 69.)

### E. Completion of the State Sentences

On March 2, 2021, Howell was paroled from his state sentence in West Virginia Case No. 16-F-104 to the primary custody of the federal authorities for service of his federal sentence. (Hendrix Decl. ¶ 15.)

### F. How the BOP Calculated Service of Howell's Federal Sentence

The BOP calculated Howell's federal sentence as beginning on August 5, 2020, the date the sentence was imposed. (*Id.* ¶ 16.)

The BOP granted Howell *prior* custody credit towards his federal sentence for the period of September 13, 2019 through February 2, 2020, a total of 143 days. (*Id.*) This sentence credit consisted of "120 days of *Willis*[5] credit for the period [of] October 6, 2019 through February 2, 2020 . . . and 23 days of prior custody credit that was not credited against any other sentence for the period [of] September 13, 2019 through October 5, 2019 . . . ." (*Id.*)

## III. Analysis

As an initial matter, the fact that the West Virginia Federal Court recommended that Howell "be given credit for time served since September 7, 2018," does not control the analysis. (ECF No. 11-1, at 50.) "[F]ederal judges may not award credit against federal sentences for time spent in state custody—the Attorney General, through the Bureau of Prisons, possesses that authority pursuant to 18 U.S.C. § 3585(b)." *Hargrove v. Wilson*, No. 3:14CV75, 2015 WL 459224, at *4 (E.D. Va. Feb. 3, 2015) (citing *United States v. Wilson*, 503 U.S. 329, 333–34 (1992)); *Henson v. United States Dep't of Just.*,

---

[5] *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).

7

No. 2:17-CV-134, 2018 WL 1190238, at *8 (E.D. Va. Feb. 2, 2018) (alteration in original) ("Furthermore, given that '[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence,' it would actually be improper (and a violation of the separation of powers) for the District Court to attempt to dictate the credit owed to Petitioner because the power to make that determination has been expressly delegated to the Attorney General and the BOP by Congress'" (quoting *Wilson*, 503 U.S. at 333, 335)), *report and recommendation adopted*, No. 2:17CV134, 2018 WL 1185498 (E.D. Va. Mar. 7, 2018).

"In calculating time served for concurrent sentences, BOP considers a federal sentence to commence when it is imposed." *Winston v. Stansberry*, No. 3:10CV631, 2011 WL 2693383, at *1 (E.D. Va. July 11, 2011) (citing *United States v. Labeille–Soto*, 163 F.3d 93, 98–99 (2d Cir. 1998)). Additionally, 18 U.S.C. § 3585(b) provides:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).

"[T]he sovereign which first arrests an individual acquires priority of jurisdiction for . . . trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980); *In re Liberatore*, 574 F.2d 78, 89 (2d Cir. 1978); *United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993). The court that first gains jurisdiction

8

holds sovereignty unless and until executive action under comity relinquishes it. *See Ponzi v. Fessenden*, 258 U.S. 254, 260–61 (1922). Because West Virginia authorities arrested Howell on state charges, West Virginia had sovereignty and priority of jurisdiction over him. *See Warren*, 610 F.2d at 684. Subsequent to Howell's arrest by state authorities, the USMS obtained temporary custody of Howell pursuant to a writ of habeas corpus. This temporary transfer of custody did not disrupt West Virginia's legal standing as Howell's custodian because "[a] prisoner is not even in custody . . . when he appears in federal court pursuant to a writ . . . he is merely 'on loan' to federal authorities." *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (citations omitted). West Virginia's sovereignty over Howell continued until March 2, 2021, when state authorities relinquished custody to the USMS.

Therefore, Howell was not entitled to presentence credit against his federal sentence for the time he spent in the custody of West Virginia for the periods of September 7, 201,8 through September 12, 2019, and February 3, 2020, through August 4, 2020, when he was actively serving his state sentences on West Virginia Cases 16-F-125 and 16-F-104. *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337 (holding that "defendant could not receive a double credit . . . .").

Here, the BOP awarded Howell with 23 days of presentence credit for the period of September 13, 2019, through October 5, 2019, when he was held in state custody, because this period was not credited against either state sentence.

Additionally, the BOP awarded Howell credit toward his federal sentence under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). While 18 U.S.C. § 3585(b)(2) bars

9

crediting a federal term with time already counted toward another sentence, *Willis* provides an exception. "Under *Willis*, the BOP may grant prior custody credit even if it results in a double-credit toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date." *Winston v. Stansberry*, No. 3:08CV553, 2009 WL 2230844, at *4 (E.D. Va. July 21, 2009) (citing *Willis*, 438 F.2d at 925).[6] If, as in this case, these two circumstances are met, then credit is given toward the federal sentence for time spent in state pre-sentence custody that begins on or after the date of the federal offense, and runs to the imposition of the state sentence. Thus, Howell received 120 days of *Willis* credit for the time he was in state presentence custody from October 6, 2019, until February 3, 2020, when Howell's probation was revoked in West Virginia Case No. 16-F-104 and a sentence of 1 to 5 years of imprisonment was imposed.

Howell fails to demonstrate the BOP committed any error in calculating his sentence.

---

[6] Respondent explains that, "[i]n this situation, if presentence custody credit, or jail credit, were awarded solely to the inmate's state sentence, the award of credit would provide no benefit to the inmate." (Hendrix Decl. ¶ 22.)

## IV. Conclusion

The Motion for Summary Judgment (ECF No. 10) will be granted. Given that the Court has reached a final ruling in this matter, Howell's Motion for a Final Ruling (ECF No. 13) will be denied as moot. In addition, the Motion to Dismiss (ECF No. 10) will be denied as moot. The action will be dismissed.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: February 10, 2025
Richmond, Virginia